**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**DERRICK JEROME ALLEN**                    **DOCKET NO. 2:26-cv-0332**
                                                                      **SECTION P**

**VERSUS**                                            **JUDGE JAMES D. CAIN, JR.**

**GARY E. WESTCOTT, ET AL**            **MAGISTRATE JUDGE LEBLANC**

## REPORT AND RECOMMENDATION

Pro se plaintiff Derrick Jerome Allen ("Allen") filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 4, 2026, and filed an amended complaint, on proper forms, on March 6, 2026. Docs. 1, 4. Plaintiff is in the custody of the Louisiana Department of Corrections and is currently incarcerated at the BB Rayburn Correctional Center in Angie, Louisiana, but his claim arises out of incidents that occurred while he was incarcerated at the Allen Correctional Center. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I.      BACKGROUND

Plaintiff complains that he filed over twenty ARPS (Administrative Remedy Procedures), or grievances, while incarcerated at the Allen Correctional Center, that went unanswered. He asks for this Court to award him $10,000 per ARP that "went stale" which resulted in his being unable "to file lawsuit about such." Doc. 4, p. 4.

## II.    LAW & ANALYSIS

### A.  *Frivolity Review*

Although Allen paid the statutory filing fee in this matter, the Court must still screen his claims under 28 U.S.C. § 1915A. Cf. *Thompson v. Hayes*, 542 F. App'x 420, 420-21 (5th Cir. 2013) (per curiam) ("[U]nder 28 U.S.C. § 1915A(b)(1), the district court is required to review any civil complaints in which a prisoner seeks relief against a government entity, officer, or employee regardless of whether the prisoner has paid the filing fee." (citing *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998)).

Under the Prison Litigation Reform Act ("PLRA"), where a prisoner — whether he is incarcerated or detained pending trial — seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B.  *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws

of the United States. *See* 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. *See Lugar v. Edmondson Oil Co., Inc.*, 475 U.S. 922, 937 (1982).

### C. Application

Allen complains that his ARPS were ignored. This is, fundamentally, a complaint about the prison grievance process. *Verdin v. Prevost*, No. 24-914, 2025 U.S. Dist. LEXIS 253144, 2025 WL 3506789, *10 (M.D. La. Nov. 12, 2025). Allen has no right to have his prison grievance proceedings properly investigated, handled, or favorably resolved,[1] and there is no procedural due process right in such a claim. As explained in *Geiger v. Jowers*, there is no federally protected interest in having a prison grievance resolved to the prisoner's satisfaction:

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous... [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

404 F.3d at 373-74 (internal citations omitted). As such, "[t]he failure of the prison to follow its own policies, including a failure to address prisoner grievances, is not sufficient to make out a civil rights claim." *Richardson v. Thornton*, 299 F. App'x 461, 463 (5th Cir. 2008) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)).

---

[1] *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (citing *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005)) (dismissing as frivolous a prisoner's claim that his due process rights were violated when his prison grievances were refused, noting that a prisoner does not have a protected liberty interest in the processing of his grievances).

Therefore, the instant suit, predicated on the way his administrative grievances were handled, lacks a basis in law and should be dismissed.[2]

### III. CONCLUSION

Accordingly, **IT IS RECOMMENDED** that this civil rights action be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages against a defendant who is immune from suit, pursuant to the provisions of 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER RECOMMENDED** that all pending motions be **DENIED** as **MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 16th day of June, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE

---

[2] As noted by the *Verdin* court: "To the extent [Allen] never received responses to his ARPs, he is permitted to proceed to the second step in the grievance process and then to this Court under the Louisiana rules related to the handling of administrative grievances. In other words, a prisoner is not required to wait for a response for any longer than the prescribed time period before proceeding to the next step in the process." *See Verdin, supra*, *10, n. 47.